**Xue Qin LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 05–3025–AG.**

United States Court of Appeals, Second Circuit.

March 23, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, Suzanne J. Moore, Assistant United States Attorney, St. Louis, Missouri, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

SUMMARY ORDER

Xue Qin Li ("Li"), through counsel, petitions for review of the Board of Immigration Appeals ("BIA") decision affirming the decision of an immigration judge ("IJ") denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). She

also appeals from the BIA's denial of her motion to remand the proceedings based on new evidence. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004) (Straub, dissenting); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ found that Li, while credible, was unable to establish past persecution or a well-founded fear of future persecution. Specifically, the IJ determined that Li's testimony in regard to the threat of a forced marriage was without a nexus to the enumerated grounds for asylum. Whether persecution inflicted to force a marriage qualifies as ground for asylum is an open question in this Circuit. Li waived the argument that the IJ erred by failing to find such a threat to be an enumerated ground for asylum because she failed to exhaust the issue before the BIA or to argue the point before us on appeal. *See* 8 U.S.C. § 1252(d)(1) (Before a petitioner can seek judicial review of a claim, he must have "exhausted all administrative remedies available to [him] as of right."); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (noting that an argument not briefed on appeal is deemed waived.)

Furthermore, the IJ found that Li had failed to establish that her opposition to Chinese family planning policies demonstrated a well-founded fear of future persecution. The specific reasons relied on by the IJ, as a basis for denying Li's asylum claim, are sufficient to uphold the finding that Li failed to meet the statutory standard for asylum. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that substantial evidence supported the BIA's finding that petitioner with one American-born daughter had failed to show that country condition reports or his individual experience showed a likelihood that family planning measures would be imposed upon his return).

The IJ's conclusion that Li has not satisfied the standard for granting asylum, is also substantially supported by the record. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). In addition, as Li has not demonstrated that he would be tortured if returned to China, her claims under the CAT fail as well. 8 U.S.C. § 208.16(c)(2); 8 C.F.R. § 208.18(a); *see also Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

Furthermore, the BIA did not abuse its discretion when it denied Li's motion to remand the proceedings to the IJ in light of her second pregnancy. The BIA properly treated Li's motion as a motion to reopen, and denied the motion because she had failed to demonstrate the likelihood that evidence of her second pregnancy would result in a finding that she had a well-founded fear of persecution. *See Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005) (observing that the BIA will usually not grant a motion to remand unless the movant has demonstrated the likelihood that new evidence will alter the result of the case by establishing eligibility for asylum). Therefore, the BIA's denial of the motion to remand was not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.